# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CHRIS ALLEN BROWNFIELD,**

      **Petitioner,**

  **v.**              **CASE NO. 10-3166-SAC**

**ROBERT SANDERS, et al.,**

      **Respondents.**

## O R D E R

Petitioner proceeds pro se seeking relief under 28 U.S.C. § 2241 from alleged error in the execution of his state sentence. Before the court is petitioner's "MOTION TO REPLACE JUDGE DUE TO BIAS OR PREJUDICE Pursuant to 28 U.S.C. § 144."

Under § 144, a district judge must recuse if a party files a "timely and sufficient affidavit" establishing the judge has a personal bias or prejudice against the party seeking recusal, or in favor of the adverse party. "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir.1987). Although there is a rebuttable presumption that the factual allegations in that affidavit are true, the affidavit is strictly construed against the affiant, and the affiant bears the substantial burden of demonstrating the affidavit is legally sufficient to compel disqualification. *Id. See also United States*

*v. Burger*, 964 F.2d 1065, 1070 (10th Cir.1992). A judge is under as much obligation not to recuse when there in no reason to do so. *Hinman*, 831 F.2d at 939.

In his motion and affidavit, petitioner contends the undersigned is biased and prejudiced in favor of respondents, and is indifferent to petitioner's injuries and suffering, by continually granting respondents additional time to file an Answer and Return in this matter. Petitioner cites his filing of an "Emergency Petition" in August 2010, and the court's denial of petitioner's motion to expedite the proceedings.[1] He states the court thereafter granted respondents' motions in February, March, and April for additional extensions of time, without specifically addressing petitioner's objections.

However, allegations of personal bias in the § 144 affidavit must arise from an "extrajudicial source," rather than from the judge's participation in a case. *See United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)(citation omitted). *See United States v. Irwin*, 561 F.2d 198, 200 (10th Cir.1977)(§ 144 affidavit allegations of bias "must be of a personal nature and must be such as would likely result in a decision on some basis other than what the judge learned from his participation in the case"). Accordingly, the adverse judicial rulings cited in petitioner's affidavit do not establish propr or sufficient grounds for recusal

---

[1]Petitioner sought an expedited resolution of his petition, claiming he was being detained more than four years beyond his proper release date.

2

or disqualification.  *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir.1997).  *See also Liteky v. United States*, 510 U.S. 540, 555 (1994)("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.  ... Almost invariably, they are proper grounds for appeal, not for recusal.").  The court thus finds petitioner has not met his burden of identifying any basis for establishing the pervasive bias required for recusal under § 144, and concludes petitioner's motion should be denied.

IT IS THEREFORE ORDERED that petitioner's motion for recusal (Doc. 15) is denied.

**IT IS SO ORDERED.**

DATED:  This 17th day of May 2011 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge