IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRIS ALLEN BROWNFIELD,**

        **Petitioner,**

    v.                        CASE NO. 10-3166-SAC

**ROBERT SANDERS, et al.,**

        **Respondents.**

**O R D E R**

Petitioner proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking relief for alleged error in the execution of his sentence. Having reviewed the record which includes respondents' answer and return, and petitioner's traverse, the court denies the petition.

Petitioner is incarcerated in a Kansas correctional facility. He filed the instant petition seeking federal habeas relief on allegations that the Kansas Parole Board (KPB) is wrongfully denying him due process by refusing to set a date for his conditional release.

In 1987, petitioner was convicted of aggravated battery and aiding and abetting felony-murder. For the aggravated battery conviction, the state court sentenced petitioner to a prison term of 5 to 20 years. For the felony-murder conviction, petitioner received a life sentence.

In 1989, petitioner was convicted of aggravated battery, for which a prison term of 10 to 40 years was to be served consecutive to service of his previously imposed sentences.

In 2006, the KPB considered petitioner for parole, but passed him to April 2009.[1]  Petitioner thereafter pressed his claim for a conditional release date under Kansas law.  In response, state officials and the state courts told petitioner he was not eligible for a conditional release date on his aggregated sentences because one of his sentences included a maximum life sentence for which no conditional release date is calculated.  *See* K.A.R. 44-6-114d ("No conditional release date shall be computed for a maximum sentence of life.").

Petitioner then filed the instant action, seeking a federal writ of habeas corpus on his claim that he has a constitutional due process right to conditional release based on statutory good time credits earned on his 10 to 40 year sentence.  Respondents admit petitioner'S exhaustion of state court remedies. *See Brownfield v. Feleciano*, 221 P.3d 642, 2010 WL 174073 (Kan.App. Jan. 8, 2010)(unpublished), *rev. denied* (March 31, 2010).

A state prisoner's constitutional challenge to the execution of his sentence is properly brought under 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).  Thus this court is authorized to grant habeas corpus relief to a prisoner "in custody in violation of the Constitution or laws or treaties of the United

---

[1]In his traverse, petitioner states the KPB again passed petitioner in 2009, this time for five years.

States."  28 U.S.C. § 2241(c)(3).  This court does not offer appellate review of a state court's decision for error under state law, as it is well established that "[f]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)(internal quotation marks omitted).  Instead, to obtain relief in this matter, petitioner must show the execution of his state sentence violates federal law or the United States Constitution.  The court finds petitioner makes no such showing in this case.

Petitioner argues the State of Kansas has created an enforceable liberty interest in his conditional release.  This argument, however, is based upon petitioner's reading of Kansas statutes and regulations concerning a prisoner's service of consecutive state sentences, leading petitioner to conclude that after serving 15 years on his life sentence he was eligible to earn statutory good time credits toward conditional release on his 10 to 40 year sentence.  The state courts, however, rejected petitioner's statutory interpretation and conclusion, and this court must defer to the state courts' interpretation of the relevant state statutes and regulations.  *House v. Hatch*, 527 F.3d 1010, 1028 (10th Cir.2008).

Petitioner clearly has no liberty interest protected by the Due Process Clause in being conditionally released prior to expiration of his aggregated state sentences.  *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Although a state can create a protected liberty interest through

mandatory language in its parole statutes, *id*. at 12, Kansas has not done so, and the Kansas courts have rejected any legal basis for petitioner's claim that he is being unlawfully denied "earned good time credits" towards a conditional release date.

Accordingly, finding no legal merit to petitioner's claim that he is being denied a liberty interest protected by the Due Process Clause, the court denies petitioner's request for habeas corpus relief.

IT IS THEREFORE ORDERED that the petition seeking habeas corpus relief under 28 U.S.C. § 2241 is denied, and that petitioner's motion to expedite (Doc. 22) is denied as moot.

**IT IS SO ORDERED.**

DATED:  This 21st day of June 2011 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge